**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jamar Wilson, Appellant,

v.

Nadiah Jefferies, Respondent.

Appellate Case No. 2016-001412

———

Appeal From Cherokee County
Kelly Pope-Black, Family Court Judge

———

Unpublished Opinion No. 2018-UP-263
Submitted March 1, 2018 – Filed June 13, 2018

———

**AFFIRMED**

———

Donald Loren Smith, of Attorney Office of Donald Smith, of Anderson, for Appellant.

Nadiah Jefferies, of Gaffney, pro se.

———

**PER CURIAM:** Jamar Wilson appeals the family court's dismissal of his modification action against Nadiah Jefferies. We affirm.[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

On May 13, 2015, Wilson filed this action against Jefferies to modify the child support he was previously ordered to pay Jefferies. On June 1, 2016, the family court dismissed the case because it had been pending for over 365 days with no request for a final hearing. On June 2, 2016, the clerk of court's office received a rule to show cause/complaint for contempt from Wilson; however, the clerk of court returned the filings to Wilson with a letter explaining the case ended on June 1, 2016. By letter dated June 7, 2016, Wilson informed the clerk of court he considered the rule to show cause "served" on the family court when he mailed it on May 31, 2016. On June 9, 2016, the clerk of court's office sent Wilson another letter stating it dismissed the case before it received the paperwork on the rule to show cause and the family court would not sign the rule to show cause because the order of dismissal had already been issued. Wilson then filed a motion to reinstate the case, which the family court denied. The family court noted that the rule to show cause could be filed in a new action. This appeal followed.

Wilson argues the family court erred in dismissing his modification action and refusing to consider his rule to show cause. We disagree.

In 2014, the Supreme Court of South Carolina ordered that "all domestic relations and juvenile cases in the State of South Carolina, with the exception of [Department of Social Services (DSS)] Abuse and Neglect cases, shall be disposed of within 365 days of their filing." *RE: Family Court Benchmark*, S.C. Sup. Ct. Order dated Aug. 27, 2014. With the exception of abuse and neglect cases brought by the South Carolina Department of Social Services, the supreme court directed county clerks of court to indicate on all domestic relations cases that a written request for a final hearing in the case "must be *delivered* by a party or attorney to the Clerk's Office within 365 days of th[e] filing date" and that "[f]ailure to comply with this notice shall result in the dismissal of [the] case." *Id.* (emphasis added). The supreme court further ordered the clerk of court to prepare an order dismissing a case without prejudice "[i]n the event no request for a final hearing *is received by the [c]lerk of [c]ourt within the time period prescribed* and there is no other order . . . extending the case." *Id.* (emphasis added).

Here, the family court dismissed Wilson's modification action on June 1, 2016, pursuant to our supreme court's administrative order. Wilson acknowledges his filings were clocked in on June 2, 2016, after his case was dismissed. Although Wilson also asserts his "understanding and belief" that his filings arrived on June 1, 2016, nothing in our record supports Wilson's assertion. *See* Rule 210, SCACR (stating that except as provided in other appellate court rules, "the appellate court

will not consider any fact which does not appear in the [r]ecord on [a]ppeal"); *Harkins v. Greenville Cty.*, 340 S.C. 606, 616, 533 S.E.2d 886, 891 (2000) (stating the party appealing a decision has the burden of presenting the appellate court with an adequate record). Accordingly, we affirm the order of dismissal and the family court's refusal to issue the rule to show cause.[2]

**AFFIRMED.**

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**

---

[2] We further note Wilson suffered no prejudice from the family court's refusal to issue the rule to show cause in this case because the family court explained that Wilson's rule to show cause could be filed in a different action and Wilson subsequently filed a contempt complaint in a different action. Wilson's appeal from the family court's order in that case is pending before this court in *Wilson v. Jefferies*, Appellate Case No. 2016-002259.